Albert Britt, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs, June 8, 1979, to Judges Blatt, DiSalle and Craig, sitting as a panel of three.

*David L. Shenkle,* with him *Eastburn and Gray,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Regis J. McCoy,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

Opinion by Judge DiSalle, July 24, 1979:

At issue in this appeal from the order of the Court of Common Pleas of Bucks County, dated August 8,

1977, is whether Albert Britt, Jr. (Appellant), refused to submit to a requested breathalyzer test so as to warrant the suspension of his motor vehicle operator's license.

Appellant challenges the sufficiency of the evidence adduced at the hearing before the court below. A review of the record reveals, however, that the events surrounding the disputed refusal were adequately established so as to enable the lower court to base this factual determination on substantial evidence.

Appellant was placed under arrest for driving while under the influence of alcohol after failing a roadside sobriety test. The arresting officer then asked Appellant to submit to a breathalyzer test whereupon Appellant responded he would submit to a blood test if given by ten doctors. The officer repeated the request, explaining that refusal would mean the loss of his motor vehicle operating privileges. Appellant nevertheless refused this request and subsequently, at the arraignment before the District Magistrate, refused to submit to the test a third time. At the hearing below, Appellant admitted that he had consumed alcohol, acknowledged his request for a blood test instead of the breathalyzer test, recalled successfully negotiating the field sobriety test on the second attempt, but failed to remember the second request of the officer or the third request before the District Magistrate. He also testified that he could not recall being advised of the suspension possibilities for his refusal to take the test.

It is abundantly clear to us that Appellant refused the requested breathalyzer test. This he did not only once in attempting to negotiate for a blood test, but also a second and third time. Consequently, we conclude that the lower court accurately determined that the Commonwealth had met its burden of proof in es-

tablishing that Appellant had refused to submit to the breathalyzer test. Accordingly, we affirm.

ORDER

AND Now, this 24th day of July, 1979, the order of the Court of Common Pleas of Bucks County, dated August 8, 1977, is hereby affirmed.